*E-FILED: August 2, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLUE MOUNTAIN HOMES, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSE GUTIERREZ, LOLA GUTIERREZ and DOES 1-10,<br><br>    Defendants.<br>_____/ | No. C13-03425 HRL<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE: REMAND TO STATE COURT** |

Defendants Jose and Lola Gutierrez removed this unlawful detainer action from the Santa Clara County Superior Court. They also seek leave to proceed *in forma pauperis* ("IFP"). For the reasons stated below, the undersigned grants the IFP applications and recommends that this matter be remanded to state court.

A court may authorize the commencement of a civil action *in forma pauperis* if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the

action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Having reviewed defendants' financial affidavits, the court will grant the applications. Nevertheless, this court finds that subject matter jurisdiction is lacking and that this action should be remanded to state court.

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. FED. R. CIV. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* Here, plaintiff's complaint presents claims arising only under state law. It does not allege any federal claims whatsoever. The notice of removal asserts that plaintiff's notice to vacate the premises violated federal law. But, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.

Defendants do not assert that diversity jurisdiction exists, and it does not appear to exist in any event. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between

2

citizens of different states. 28 U.S.C. §1332. Here, the complaint indicates that the amount demanded does not exceed $25,000.

Because not all parties have consented to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated: August 2, 2013



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**C 13-03425 HRL Order will be mailed to:**

Jose Gutierrez
Lola Gutierrez
1550 Monteval Lane
San Jose, CA 95120

Mike Hogan
Law Office of Mike Hogan
900 E. Hamilton Avenue
Suite 100
Campbell, CA 95008

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4